IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BARBARA WEYGANDT,**

    **Petitioner,**

**v.**　　　　　　　　　　　　　　　**CIVIL ACTION NO. 1:03CV221**
　　　　　　　　　　　　　　　　　　**CRIMINAL ACTION NO. 1:02CR48**
　　　　　　　　　　　　　　　　　　　　**(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### ORDER AFFIRMING REPORT AND RECOMMENDATION, AND
### DENYING AND DISMISSING WITH PREJUDICE 28 U.S.C §2255 PETITION

On October 16, 2003, the petitioner, Barbara Weygandt ("Weygandt"), filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence. By standing Order, the Court referred this matter to United States Magistrate Judge John S. Kaull. While under initial review, Weygandt moved the Court for leave to supplement her § 2255 petition by adding a claim pursuant to Blakely v. Washington, 542 U.S. 296 (2004). The Court granted that motion on January 25, 2005. In the interim, the United States Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), and Weygandt brought a combined Blakely/Booker claim in her supplemental motion.

On February 8, 2005, Magistrate Judge Kaull issued a Report and Recommendation ("R&R") recommending that Weygandt's petition and supplemental motion be denied and dismissed with prejudice. Weygandt filed objections to the Magistrate Judge's recommendation

on February 22, 2005. For the reasons that follow, the Court **AFFIRMS** Magistrate Judge Kaull's R&R and **DISMISSES WITH PREJUDICE** Weygandt's petition and supplemental motion.

## I. Background

On July 3, 2002, a grand jury indicted Weygandt on charges of conspiracy to distribute "crack" cocaine, aiding and abetting in the operation of a place for the distribution of crack cocaine, and distribution of crack cocaine within 1,000 feet of a protected location. Subsequently, on September 12, 2002, Weygandt pled guilty to a one count information charging her with distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)©.

During her change of plea hearing, the Court thoroughly reviewed with Weygandt the terms, conditions and stipulations contained in the plea agreement and all of the rights she would forfeit by entering a plea of guilty to the information. Weygandt stated in open court that she understood and accepted the terms of the plea agreement, and further stated that her attorney had adequately represented her and done everything she had requested. Thereafter on January 10, 2003, the Court sentenced Weygandt to 78

2

months of imprisonment. Weygandt did not appeal her conviction or sentence.

In her §2255 petition, Weygandt asserts that her counsel provided ineffective assistance, that her guilty plea was involuntary, that her conviction was obtained by a coerced confession and that she was denied the right of appeal. Further, in her supplemental brief, Weygandt asserts that her sentence violates the Sixth Amendment to the Constitution based on the principles set forth in the Blakely and Booker decisions.

## II. Magistrate Judge's R&R

In his February 8, 2005 Report and Recommendation, Magistrate Judge Kaull addressed each of Weygandt's arguments in turn before recommending that her §2255 petition and supplemental motion be denied. Before reaching those arguments, however, he examined the effect of Weygandt's waiver of her right to appeal or collaterally attack her sentence as set forth in the plea agreement accepted by the Court.

### a. Waiver of Right to Appeal or Collaterally Attack

Paragraph eleven of Weygandt's plea agreement with the government provides:

> Ms. Weygandt is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742, in exchange for the concessions made by the United States in the plea agreement. The defendant also waives the right to challenge his [sic] sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The United States waives its right to appeal the sentence. The parties have the right during any appeal to argue in support of the sentence.

In reviewing the impact of those waivers on her subsequent §2255 claims, Magistrate Judge Kaull noted that, in <u>United States v. Attar</u>, 38 F.3d 727 (4th Cir. 1994), <u>cert. denied</u> 514 U.S. 1107 (1995), the Fourth Circuit held that a waiver of appellate rights in a plea agreement is generally valid. Further, in <u>United States v. Cockerham</u>, 237 F.3d 1179, 1183 (10th Cir. 2001) <u>cert. denied</u>, 534 U.S. 1085 (2002), the appellate court found that a "[w]aiver of collateral attack rights brought under §2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and

4

voluntarily made." See also United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) and Butler v. United States, 173 F.Supp.2d 489 (E.D. Va. 2001).

Some collateral claims are not barred by such a waiver, however. They include claims that "a sentence [was] imposed in excess of the maximum penalty provided by statute or [was] based on a constitutionally impermissible factor . . . ," U.S. v. Marin, 961 F.2d 493, 496 (4th Cir. 1992), claims that counsel's assistance was ineffective during or following the entry of a plea, and claims that challenge the voluntariness of a plea. Attar, 38 F.3d at 731-33. See also Butler, 173 F.Supp.2d at 494. Given these exceptions to the prohibition imposed by a §2255 waiver, the Magistrate Judge concluded that the claims brought in Weygandt's §2255 petition were not barred from review.

b. **Ineffective Assistance of Counsel**

In her petition, Weygandt asserts that her counsel's assistance was ineffective for the following reasons. First, even though she wanted to go to trial, her attorney did not want to go to trial and denied her the opportunity for a trial and frightened her into accepting a plea. Second, her attorney did not argue for a downward departure for minimal role in the offense. Third, her

attorney did not challenge the imposition of a three point enhancement for a prior drug conviction even though the Government agreed not to file a notice of any prior conviction. Fourth, her attorney did not challenge the relevant conduct amounts. Fifth, her attorney did not pursue a diminished capacity reduction under U.S.S.G. §5K2.13. Finally, her attorney did not separate her case from that of her co-defendant.

Upon review, the Magistrate Judge noted that ineffective assistance of counsel claims are evaluated pursuant to the conjunctive, two-prong analysis outlined in Strickland v. Washington, 466 U.S. 668 (1984). Under the first prong of Strickland, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. Id. at 687. In determining whether that standard has been met, "judicial scrutiny of counsel's performance must be highly deferential" and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Under the second prong of Strickland, a petitioner must demonstrate that counsel's performance prejudiced her. Id. at 687. To establish such prejudice, "the [petitioner] must show there is

a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Further, a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea is subject to an even higher burden regarding the prejudice prong: She "must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhard, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988), cert. denied 488 U.S. 843 (1988). In this case, the Magistrate Judge concluded that none of Weygandt's asserted grounds supporting her ineffective assistance claim satisfied either this heightened standard or the Strickland standard.

First, the Magistrate Judge noted that "there is absolutely nothing in the record which indicates that the petitioner wanted to go to trial." (Doc. No. 40 at 6.)[1] Next, Magistrate Judge Kaull found that, contrary to Weygandt's assertion, she was not subjected to an enhanced penalty by the government. Rather, proof of

---

[1] All record documents cited refer to Criminal Action Number 1:02CR48.

**ORDER AFFIRMING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Weygandt's prior drug conviction was properly used in calculating her criminal history under the guidelines. Thus, Weygandt was not prejudiced by her attorney's failure to object to that calculation. Further, it was not unreasonable or prejudicial for her attorney not to challenge Weygandt's relevant conduct as she had stipulated to that amount.[2]

With regard to the remainder of Weygandt's ineffective assistance of counsel grounds, the Magistrate Judge concluded that they were insufficiently pled because they are unsupported by any evidence that the they have merit. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied 507 U.S. 923 (1993), abrogation on other grounds recognized, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Specifically,

> The petitioner does not explain why she is entitled to a downward departure for her role in the offense; she does not explain how her capacity is diminished and how she

---

[2] Paragraph eight of Weygandt's plea agreement provides:

> Pursuant to Section s 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate, and agree that the total relevant conduct of the defendant is at least 35 grams, but less than 50 grams of cocaine base. The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept same. Ms. Weygandt understands and agrees that should the Court not accept the above stipulation, Ms. Weygandt will not have the right to withdraw her plea of guilty to the one-count Information.

>would have qualified for a departure under U.S.S.G. §
>5K2.13 and she fails to explain her allegation that her
>attorney 'did not separate [her] case from that of Mr.
>Wyatt as he told her he would much to her detriment.'

(Doc. No. 40 at 7.)

In sum, Magistrate Judge Kaull found all the grounds supporting Weygandt's ineffective assistance of counsel claim to be without merit.

**c.  Involuntary Plea/Coerced Plea**

In her petition, Weygandt asserts that her plea was involuntary and unknowing because she did not understand the nature of the charges against her and the consequences of her plea. She further asserts that her attorney coerced, intimidated and pressured her with threats of likely prolonged incarceration and "probable consequences of actions taken against [her] family if she did not enter a plea."

Upon review, the Magistrate Judge noted that the voluntariness of a guilty plea cannot be attacked on collateral review unless it is first challenged on direct appeal. Bousley v. United States, 523 U.S. 614, 621 (1998). Moreover, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can

9

first demonstrate either cause and actual prejudice, or that he is actually innocent." Id. at 622(internal quotations and citations omitted). After evaluating the record in this case against the standards that must be satisfied to make such showings, Magistrate Judge Kaull concluded that "[t]he petitioner did not appeal her sentence and she has not shown cause, prejudice or actual innocence. Thus, this claim is procedurally barred. Even if the claim were not procedurally barred, the claim is without merit." (Doc. No. 40 at 8.)

**d.  Denial of Right to Appeal**

In her petition, Weygandt asserts that her plea agreement denied her the right to appeal.

Upon review, the Magistrate Judge found that Weygandt's plea agreement contained a waiver of appellate rights, and that the Court fully explained the waiver to her during her change of plea hearing. Further, Weygandt testified that she understood the waiver and its implications. Accordingly, Magistrate Judge Kaull concluded that the waiver was voluntary and knowing and that Weygandt was not denied the right to appeal.

**e.  Blakely/Booker**

**ORDER AFFIRMING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

In the supplemental motion to her §2255 petition, Weygandt asserts that her sentence violates <u>Blakely</u> and <u>Booker</u> and that she should be re-sentenced. She further asserts that these decisions apply retroactively to cases on collateral review.

In his February 8, 2005 R&R, Magistrate Judge Kaull engaged in a lengthy analysis of the then relevant case law on the issue of <u>Blakely/Booker</u> retroactivity to cases on collateral review. At the conclusion of that analysis, the Magistrate Judge recommended that "<u>Booker</u> be disallowed from retroactive application on collateral review, and that [Weygandt's] <u>Blakely/Booker</u> claim be denied.

### III. <u>Weygandt's Objections</u>

On February 22, 2005, Weygandt filed objections to the Magistrate Judge's R&R. Specifically, she objects to the recommendation that her ineffective assistance of counsel, involuntary plea, and <u>Blakely/Booker</u> claims be denied.

With regard to her ineffective assistance of counsel claim, Weygandt contends that "but for the advice given to her by her attorney, she might have not agreed to the Plea Agreement she is held to." (Doc. No. 41 at 1.) Further, Weygandt asserts that she was prejudiced by her counsel's failure to move to sever her case

11

from that of her co-defendants because "she was judged by actions of others, increasing her liability at sentencing." Id. at 2.

Further, Weygandt argues, her counsel's assistance fell below an objective standard of reasonableness when he failed to challenge the relevant conduct calculation in the case. While Weygandt acknowledges she agreed to the stipulation contained in the plea agreement, she contends that she signed that agreement only after she had argued with her attorney regarding the issue of drug weight and had been told she faced an "all or nothing" situation and also was told "to sign or risk a 40 year sentence." (Doc. No. 41 at 2.) Consequently, Weygandt asserts that not only was her counsel's assistance ineffective, but also that he coerced her to accept the plea.

With regard to her Blakely/Booker claim, Weygandt engages in her own lengthy analysis of then current case law in arguing that the Blakely/Booker holdings should be retroactively applicable to cases on collateral review.

### IV. Analysis

**a. Ineffective Assistance of Counsel**

As discussed by the Magistrate Judge in his R&R, ineffective assistance of counsel claims regarding plea or post-plea

representation are governed by the standards outlined in <u>Strickland</u> and <u>Hill</u>. Again, "judicial scrutiny of counsel's performance must be highly deferential" and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Strickland</u>, 466 U.S. at 689-90.

In her objections, Weygandt asserts that her attorney's failure to try and sever her case from that of her co-defendants prejudiced her in the eyes of the Court at sentencing. While Weygandt was initially charged as one of thirteen (13) defendants in a thirty-(30)-count indictment returned by a grand jury for the Northern District of West Virginia on July 3, 2002,[3] she pled guilty and was ultimately sentenced pursuant to a single-count information to which she was the sole defendant.[4] Further, at sentencing, the charges brought against her in the multi-defendant indictment were dismissed. Moreover, Weygandt fails to cite any portion of the record in support of her bare assertions that "she

---

[3] Criminal Action Number 1:02CR36

[4] Criminal Action Number 1:02CR48 – On September 12, 2002, during her change of plea hearing, Weygandt executed a Waiver of Indictment (Doc. No. 2) and confirmed that she understood the charge in the information was a new charge. (Doc. No. 21 at 12-13.)

13

was judged by the actions of others" and that she was" grouped with those whose criminal culpabilities [sic] were far worse than hers." (Doc. No. 41 at 2.) As such, Weygandt's argument that her attorney's failure to move to sever prejudiced her case is unavailing.

Likewise, Weygandt's allegation that her attorney's assistance was ineffective because he failed to challenge the amount of relevant conduct stipulated to in the plea agreement and accepted at sentencing fails to establish a violation of her Sixth Amendment rights. Indeed, the Court took care to question Weygandt regarding her understanding of the stipulation during her plea hearing. To wit:

> THE COURT: Are you aware that there is a stipulation in paragraph [eight] of your Plea Agreement of between 35 to 50 grams of cocaine base?
> DEFENDANT WEYGANDT: Yes, ma'am.
> THE COURT: All right. And you understand that I'm not bound by that stipulation but that I give it serious consideration at the time of your sentencing but I'll be looking at what the probation officer tells me also?
> DEFENDANT WEYGANDT: Yes, ma'am.

(Doc. No. 21 at 28.)

The Court also took care to question Weygandt regarding her counsel's representation during the plea hearing. When asked whether her attorney had adequately represented her, Weygandt

14

responded, "Yes, ma'am." Id. at 59.  Similarly, when asked whether her attorney had "left anything undone that you think he should have undertaken," Weygandt responded, "No." Id.

Subsequently, the issue of Weygandt's stipulated relevant conduct was raised again at the January 10, 2003 sentencing hearing when her attorney addressed the Court as follows:

> Ms. Weygandt and I had a long discussion following her partial recuperation from her accident concerning [the stipulation], and that her options, if she didn't want to honor the stipulation, I could move to withdraw the plea because the plea agreement was based upon the stipulation and after examining all the issues involved in that, Your Honor, she made the decision to stick with the plea and the plea agreement and, therefore, we're not objecting to the findings.

(Doc. No. 32 at 10.)  Thus, the record is clear that both the Court and Weygandt's attorney focused on the issue of relevant conduct throughout the proceedings.

While Weygandt may not have liked the amount of relevant conduct she stipulated to, there is no indication whatsoever that she was forced to agree to or did not understand that stipulation. Moreover, nothing in her objections effectively challenges Magistrate Judge Kaull's conclusion that "there was no need for her attorney to challenge the amount of relevant conduct because the petitioner stipulated to the amount . . ."  Consequently, the Court

15

finds this ground of Weygandt's ineffective assistance of counsel claim to be without merit.

With regard to the other grounds underlying the ineffective assistance of counsel claim raised in Weygandt's petition, she filed no specific objection to the Magistrate Judge's recommended disposition. Thus, the Court adopts those findings without further discussion. Accordingly, the Court **AFFIRMS** the Magistrate Judge's R&R, and **DISMISSES WITH PREJUDICE** Weygandt's ineffective assistance of counsel claim.

b. **Involuntary/Coerced Plea**

In his R&R, Magistrate Judge Kaull found that Weygandt's claim of an involuntary plea is procedurally barred from review because she did not raise the issue on direct appeal and her §2255 petition establishes neither cause and actual prejudice, nor actual innocence. Weygandt does not address this finding in her objections. Rather, she reasserts, as part of her ineffective assistance of counsel argument, that "[t]he guilty plea she agreed to, was in fact, coerced" by her attorney. (Doc. No. 41 at 2.) Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R, **FINDS** Weygandt's involuntary plea claim to be procedurally barred, and **DISMISSES** that claim **WITH PREJUDICE**.

**c. Denial of Right to Appeal**

Weygandt did not object to the Magistrate Judge's recommended disposition of her denial of right to appeal claim. Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R and **DISMISSES** that claim **WITH PREJUDICE**.

**d. Blakely/Booker Claim**

In his R&R, Magistrate Judge Kaull found that "Booker, as an extension of the reasoning in Apprendi, should . . . be barred from retroactive application on collateral review in a §2255 motion." (Doc. No. 40 at 13.) In Weygandt's objections, she disagrees with that finding and argues that her Sixth Amendment rights were violated when the Court sentenced her pursuant to the stipulated relevant conduct amount rather than the amount of offense conduct charged in the Information.

The Fourth Circuit Court of Appeals has settled the issue of Booker's retroactivity in this circuit. In United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), the court held:

> The rule announced in Booker is a new rule of criminal procedure, but it is not a watershed rule. Accordingly, the rule is not available for post-conviction relief for

17

federal prisoners . . . whose convictions became final before Booker (or Blakely) was decided.

Further, a conviction is final if "the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition of certiorari had elapsed . . . ." Teague v. Lane, 489 U.S. 288, 295 (1989).

In this case, Weygandt's Judgment and Commitment Order was entered on January 15, 2003. Ten days later, well before the Supreme Court handed down the Blakely or Booker decision, Weygandt's conviction became final when the time for filing a notice of appeal expired. Fed. R. App. P. 4(b). Accordingly, because the rule announced in Booker does not apply retroactively, the Court **AFFIRMS** the Magistrate Judge's R&R and **DISMISSES WITH PREJUDICE** the Blakely/Booker claim brought by Weygandt in her supplemental motion.

### V. Conclusion

For the foregoing reasons, the Court **AFFIRMS** the Magistrate Judge's Report and Recommendation, (Doc. No. 40), and **DENIES** and **DISMISSES WITH PREJUDICE** the petitioner, Barbara Weygandt's, 28 U.S.C. §2255 petition, (Doc. No. 34), and supplemental motion, (Doc. No. 39.)

## ORDER AFFIRMING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies, and mail a copy of this Order to the petitioner.

DATED: December 4, 2006.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE